NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (CBN: 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:  Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ROSARIO HERNANDEZ MAGCALAS,<br><br>                    Defendant. | No. CR 18-407-FMO<br><br>GOVERNMENT'S RESPONSE TO<br>PRE-SENTENCE REPORT AND POSITION<br>RE: SENTENCING FOR DEFENDANT<br>ROSARIO HERNANDEZ MAGCALAS<br><br>Hearing Date: September 12, 2019<br>Hearing Time: 3:00 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brett A. Sagel, hereby files its response to the Pre-Sentence Report and its position regarding sentencing for defendant ROSARIO HERNANDEZ MAGCALAS.

///

1    The Government's response to the Pre-Sentence Report and its

2  position regarding sentencing is based upon the attached memorandum

3  of points and authorities, the files and records in this case, and

4  such further evidence and argument as the Court may permit.

5

6  Dated: August 26, 2019              Respectfully submitted,

7                                      NICOLA T. HANNA
                                       United States Attorney
8
                                       BRANDON D. FOX
9                                      Assistant United States Attorney
                                       Chief, Criminal Division
10

11                                     _____/s/_____
                                       BRETT A. SAGEL
12                                     Assistant United States Attorney

13                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3
4
5
6
7
8
9
10
11
12
13
14
15

On June 27, 2018, the grand jury indicted defendant ROSARIO HERNANDEZ MAGCALAS ("defendant") on three counts of wire fraud, in violation of 18 U.S.C. § 1343, for her scheme to defraud her former employer, Image 2000.  On February 7, 2019, defendant pled guilty, without a plea agreement, to count three of the three-count indictment.  The United States Probation Office ("USPO") disclosed its Presentence Report ("PSR") to the parties on August 1, 2019.  The USPO determined defendant's total offense level to be 20 and to have a criminal history category I, resulting in an advisory range of imprisonment of 33-41 months.  The USPO recommends that defendant receive a sentence of 33 months' imprisonment, pay $3,317,923.89 in restitution, and be placed on supervised release for a term of two years.[1]

16
17
18
19
20
21
22

The Government has no objections to the factual statements in the PSR, the sentencing guideline calculation, or the calculation of criminal history category.  The Government believes the USPO properly captured the offense conduct and analyzed the particular Section 3553 factors, and the Government concurs with the recommendation of the USPO, except the Government believes defendant's term of supervised release should be three years.  For the reasons set forth below, the

23

24
25
26
27
28

---

[1] Defendant entered her guilty plea on February 7, 2019. Defendant requested the sentencing hearing to be set for July 18, 2019, a longer-than-usual period for a sentencing hearing for defendant to put together financial information for sentencing. Defendant sought and received a continuance of defendant's sentencing hearing on May 22, 2019, again for defendant to provide financial information to the USPO for sentencing.  According to the USPO, as of August 25, 2019, defendant still has provided no financial information to the USPO.

Government believes that the advisory sentencing guidelines appropriately considers the criminal conduct and this Court should sentence defendant to 33 months' imprisonment and order defendant to pay $3,317,923.89 in restitution to Image 2000.  Due to the large restitution amount defendant will owe, the Government believes defendant's term of supervised release should be three years for the USPO to oversee any funds that could be used to pay restitution.

**II.  FACTUAL BACKGROUND**

The PSR sets forth the facts to which defendant admitted at defendant's change of plea hearing:

Defendant worked in the Accounts Payable department of Image 2000, Inc. ("Image 2000") and was responsible for, among other things, creating checks from Image 2000's checking account to pay invoices from vendors of Image 2000 and having either R.C. or J.B., the owners of Image 2000, sign the checks.  Defendant held personal bank accounts at Bank of America, Chase Bank, and Wells Fargo Bank. Image 2000 held business bank accounts at California Bank and Trust and First Republic Bank.

Beginning on an unknown date, but at least as early as in or about January 2011, and continuing until in or about August 2017, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Image 2000 as to material matters, and to obtain money and property from Image 2000 by means of material false and fraudulent pretenses, representations, and promises.  In carrying out the fraudulent scheme, acting with intent to defraud and deceive, defendant knowingly caused false information and false statements to be

2

communicated, and engaged in fraudulent and deceptive acts, practices, and devices, including without limitations, the following: defendant would create fraudulent invoices from legitimate vendors of Image 2000; defendant would prepare checks in the amount of the fraudulent invoices payable to Image 2000's legitimate vendors from Image 2000's business bank accounts; defendant would present the checks and the fraudulent invoices that purportedly supported the checks to R.C. or J.B. for their signature on the checks; and defendant would deposit the checks into her personal bank accounts using ATM machines.

On or about May 2, 2017, within the Central District of California and elsewhere, for the purpose of executing the scheme to defraud, defendant deposited into her Chase Bank account at an ATM, check number 7664 issued from the "Image 2000 Orange County Account" held at California Bank and Trust, made payable to "Sharp Business Systems," in the amount of $1,376.35, which resulted in the electronic settlement of funds between the banks to occur in multiple states and caused the transmission of a wire communication in interstate commerce. (PSR ¶¶ 6-8.)

Defendant pleaded guilty without a plea agreement and did not admit to the amount of loss she caused Image 2000. The PSR states: "In total, Image 2000 suffered an actual loss of $3,317,923.89 as a result of Magcalas' conduct." (PSR ¶ 8.)  This is correct with one caveat: The factual basis for the plea and the bank records start in January 2011 because that was as far back as the banks had records. The bank records show defendant was already embezzling money from her employer in January 2011.  As such, it is likely that defendant's criminal conduct started before January 2011 and caused an even

3

greater loss to Image 2000.  For sentencing purposes, however, the bank records establish a loss of $3,317,923.89 caused by defendant's criminal conduct.

## III. SENTENCING RECOMMENDATION

### A.    The Government's Guideline Calculation

The Government submits that the following guideline calculation applies in the sentencing of defendant:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss between $1.5M-$3.5M: | +16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 20 | |

A total offense level of twenty and a criminal history category I, yields an advisory sentencing range of 33-41 months' imprisonment.

### B.    The Government's Recommended Sentence

The law provides that sentencing courts must start with the sentence advised by the Sentencing Guidelines.  United States v. Booker, 543 U.S. 220, 264 (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."); United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006) (stressing that "district courts still must consult the Guidelines and take them into account when sentencing, even though they now have the discretion to impose non-Guidelines sentences").  Pursuant to 18 U.S.C. § 3553(a), the court should "impose a sentence sufficient, but not greater than necessary," to comply with the enumerated purposes of sentencing, including:

4

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1), (2).

The Government agrees with the USPO that after considering all of the Section 3553 factors, that a within guideline sentence of thirty-three months is appropriate.

### 1.   Nature and Circumstances of the Offense

Defendant engaged in her fraudulent scheme for at least six and a half years, and likely longer, writing and depositing over 3,000 fraudulent checks, and caused actual losses of over $3.3 million to her employer.  The money defendant embezzled from her employer obviously had a deleterious impact on the company and its owners, and potentially could have been used, among other things, to pay other employees, hire additional employees, and expand the business. Moreover, the loss defendant caused is at the high-end of the $1.5 million to $3.5 million range, providing further aggravation to defendant's criminal conduct.  Although the Government does not believe the facts in this case justify a two-level increase for abuse of position of trust or use of a special skill, particularly in light of the application notes to Section 3B1.3 ("professional or managerial discretion" and "substantial education, training or licensing"), this Court should note, in aggravation, that defendant definitely abused the trust of her employer and used her special knowledge of how the accounts payable department operated to carry

out her fraudulent scheme.  The numerous years, countless fraudulent checks, and millions of dollars of loss that defendant caused justifies a within-guidelines sentence.[2]

### 2.   History and Characteristics of Defendant

Although defendant's criminal history category is I, this is defendant's second felony conviction for a fraud-related offense. The Government appreciates that defendant's prior conviction was in 1991, but the prior conviction and the length of defendant's fraudulent scheme in this case portray a defendant quite different from the typical defendant with a criminal history category I.

### 3.   Deterrence, Promoting Respect for the Law, Protecting The Public from Defendant, and Punishing Defendant.

Deterrence, both general and specific, is a particularly important factor here.  Specifically, defendant engaged in her criminal conduct for well over six years, stealing over $3.3 million, and to this date has yet to fully admit to her conduct.  A within guideline sentence is necessary to deter others from engaging in similar conduct as defendant, to deter defendant from committing any further offenses, and to punish defendant for her crimes and protect the public from defendant.

## IV.  CONCLUSION

The Government recommends this Court sentence defendant to: 33 months' imprisonment; pay $3,317,923.89 in restitution, and be placed on supervised release for a term of three years under the conditions set forth by the USPO.  The Government believes this sentence is

---

[2] The Government has been told that one or both of the owners of Image 2000, the victim, wish to be heard at sentencing.  If they provide an victim-impact statement in advance, the Government will provide that to the Court as well.

reasonable and appropriate, and is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a).